ACCEPTED
03-15-00298-CR
7087198
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/24/2015 3:26:14 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00298-CR & 03-15-00299-CR

| JAMES BRADLEY WARDEN | ) | IN THE COURT OF APPEALS |
| V. | ) | FOR THE THIRD SUPREME |
| STATE OF TEXAS | ) | JUDICIAL DISTRICT OF TEXAS |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/24/2015 3:26:14 PM
JEFFREY D. KYLE
Clerk

## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL ON APPEAL UNDER ANDERS v. CALIFORNIA

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, Ken Mahaffey, appointed as appellate counsel for James Bradley Warden, the Appellant, in the above-entitled and numbered cause and files this motion to withdraw because the record reveals no meritorious issue to argue for reversal. In support thereof counsel would show the following:

**1. Counsel Appointed.** On June 29, 2015, the undersigned counsel, movant, was appointed by the 33rd District Court of Burnet County to represent Appellant on appeal.

**2. Counsel Appointed on Appeal must Withdraw If Record Does Not Show Reversible Error.** When the trial record does not support any legal argument that could persuade a reviewing court to reverse, appellate counsel must inform the appellate court and the appellant. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (advancing frivolous arguments on appeal prohibited). Counsel

Page 1

is under an ethical obligation to withdraw because it is improper to make arguments for reversal that are not grounded in the record and supported by the law. *Id*.; *Nguyen v. State*, 11 S.W.3d 376, 378 (Tex. App. - Houston [14th Dist.] 2000, no pet.); R. 3.01, Tex. Disciplinary R. Prof. Conduct (2015) (counsel has duty to disclose contrary authority to the court).

**3. Counsel Has Reviewed the Record and Law.** The movant has thoroughly reviewed the clerk's and reporter's records in this cause and the law in relation to possible meritorious arguments for reversal.

**4. No Reversible Error Found**. Counsel has determined there are no issues that could persuade an appellate court to reverse the judgment of conviction from the current record. Any other grounds would require supplementation of the record by new hearings to document those claims. As appellate courts may not accept new evidence on direct appeal, the only proper procedure to develop a sufficient record is by an application for post conviction writ of habeas corpus. *See Aldrich v. State*, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003)(where a matter is not shown in the record from direct appeal, proper procedure to secure documentation is habeas corpus); *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (appellate rules do not permit abatement for a hearing on new evidence when the claim can be raised by habeas corpus).

**5. Appointed Counsel Must File Brief Before Withdrawal.** When counsel is appointed, the lawyer must file a brief with the appellate court detailing the record and discussing any cognizable legal issues. The brief must also provide authority to show why each issue would not result in reversal and would be considered frivolous by the reviewing court. *Nguyen v. State*, 11 S.W.3d 376, 378 (Tex. App. - Houston [14th Dist.] 2000, no pet.).

**6. Anders Brief Filed This Date**. Counsel, as movant, has prepared and filed a "*Anders*" brief with this Court on this date, discussing the record and detailing why each identifiable issue would not support a bone fide argument that could persuade an appellate court to reverse.

**7. Counsel Has Informed Appellant of the Right to Continue the Appeal.** Along with the Anders brief, Counsel is required to notify Appellant of his right to continue the appeal by filing a pro-se brief and to provide information on how to obtain the appellate record. *Nguyen, supra*, at 379. A copy of this Motion to Withdraw and the *Anders* brief in support of the motion have been served on Appellant by certified mail.

**8. Proof of Service**. A copy of a letter sent by certified mail explaining Appellant's right continue the appeal, detailing the procedural steps for filing a *pro se* brief, and instructions on how to obtain the appellate record is attached to this motion as Exhibit "A".

**9. Appellant's Mailing Address.** Appellant's mailing address is as follows:

James Bradley Warden, TDCJ No. 01994759, Bradshaw Unit Unit, P.O. Box 9000, Henderson, TX 75653-9000.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES, CONSIDERED, the undersigned counsel respectfully request that he be permitted to withdraw from representation in this appeal and that the Court independently review the record to determine if indeed there is no arguable point on appeal and if an issue is found appoint new counsel for Appellant.

Respectfully Submitted,

Ken Mahaffey
Counsel for Appellant
P.O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar. No. 12830050
*Ken_Mahaffey@yahoo.com*

## CERTIFICATE OF SERVICE

The above signature certifies that on September 24, 2015, this document was sent by electronic service to the Burnet County D.A.'s Office, 1701 E. Polk Ste 24, Burnet, TX 78611 and, by certified mail, to James Bradley Warden, TDCJ No. 01994759, Bradshaw Unit, P.O. Box 9000, Henderson, TX 75653-9000.

**KENNETH G. MAHAFFEY**
*Attorney At Law*
P. O. Box 684585
Austin, TX 78768
(512) 444-6557

September 24, 2015

James Bradley Warden                    **CERTIFIED MAIL 7008 1300 0001 1357 6374**
01994759
Bradshaw Unit
P.O. Box 9000
Henderson, TX 75653-9000

**RE:**   **Determination of No Grounds for Successful Appeal, Transmittal of Motion to Withdraw and Brief Examining Each Possible Ground for Reversal**

Dear Mr. Warden:

I have fully reviewed the records of your recent conviction for Evading Arrest and Possession of Methamphetamine less than one gram. I was unable to find any issue that would result in reversal of your conviction. I regret that I am unable to help you. I assure you I diligently searched the record and reviewed the applicable law. A copy of an  "*Anders*" brief detailing this review is enclosed.

Initially, you should understand some fundamental aspects of appellate review. The appellate court can either reverse or affirm the decision of the court below. "Reverse" means that the appellate court orders a new trial. "Affirm" means the trial court's decision stands and the defendant will have to serve the sentenced ordered in the judgment of conviction.

The Court of Appeals may only reverse a lower court for an error of law shown in the record. An "error of law" is a mistake by the trial judge in how the case was tried. The error must be serious enough that it denied the defendant a fair trial. The fact that the defendant disagrees with the outcome is not a recognizable ground for appeal. Trial courts may only be reversed based on a clear mis-application of the law by the trial judge.

This error must also be shown in the trial record. The "record" consists of all documents filed with the court clerk and the transcript of testimony given by the witnesses. Appellate courts do not hear new testimony or accept new evidence. The decision on appeal is made solely by examining the record from the proceedings below.

It is also required that each error be called to the attention of the trial judge by a proper and timely objection. The objection must require the trial judge to make a ruling on the issue. Unless the trial judge makes a ruling, the judge has not made any decision that could be erroneous. If there was no objection, the appellate court will typically not review the trial judge's action even to see if there was an error. The reviewing court will simply hold any complaint was "waived".

# EXHIBIT "A"

_____

The role of the lawyer on initial appeal is to review the trial record as it currently exists. The appellate lawyer looks for an error of law by the trial judge. When the lawyer finds a specific legal error, he researches the law and writes a brief to the Court of Appeals. This brief explains why the error deprived the defendant of a fair trial. Examples of legal errors include use of illegally seized evidence, improperly admitted or excluded evidence or permitting inappropriate closing arguments. This is not an exclusive list.

Please be aware that complaints such as the "witnesses were lying" are not proper issues on appeal. The jury, or judge in a bench trial, is considered the "fact finder." Our legal system delegates to the fact finder all questions of which witnesses to believe and the weight to give their testimony. Appellate courts will not second guess the jury or judge's decision on whether a witness was telling the truth.

Sufficiency of the evidence to show guilt can be raised on appeal but only when there is virtually no evidence to prove guilt. While you may disagree with what the witnesses said, our law permits the fact finder to resolve all issues concerning the credibility of the evidence. If there is any evidence to support the decision, the fact finder's decision on which witnesses to believe and what happened during the offense is final. The appellate court will only look at a complete lack of evidence.

You should also know that not all errors of law are reversible errors. To be "reversible," the error must be serious enough to call into question the fundamental fairness of the whole proceeding. Minor errors are considered "harmless" and will not require reversal.

Appellate courts will not reverse for technical mistakes such as the spelling of names. When an appellate court finds an actual legal error, it can only reverse the conviction if the error actually resulted in identifiable harm to the accused. This determination of actual harm is conducted by looking at the record of the whole trial not just the error in isolation.

To show "reversible error," an appellate lawyer must do the following. First, he must identify an actual mistake of law by the trial judge. Second, he must show there was a proper objection by the trial lawyer that called the error to the attention of the trial judge. Third, he must demonstrate that the mistake was serious enough to deny the defendant a fair trial. Unfortunately, I found no such errors in your case.

Please understand that it is improper for a lawyer to make a frivolous argument to the Court. A "frivolous argument" is one that the lawyer knows must be overruled by the Court based on the applicable law. I have thoroughly reviewed your case. I did not find any issue that I can legitimately say would convince an appellate court to reverse the decision of the lower court.

_____

When an appellate lawyer is unable to find any matter in the record he could properly argue constitutes reversible error, he must withdraw from representation. This is required because it would not make sense for an attorney to continue representation after he had determined there were no meritorious issues in the case. You still have a right to continue the appeal on your own.

You have the right to file a brief on your own. The Court of Appeals will also independently examine the record to make sure I did not overlook anything. If the Court finds there is a meritorious issue from their own review, or from your brief, they are supposed to appoint new counsel and set the matter for full consideration by the Court.

A brief prepared by you is called a "*pro-se*" brief. *Pro-se* simply means the defendant is representing himself and proceeding without an attorney.  A brief is a written explanation stating why you believe you were denied a fair trial. It must identify the portions of the appellate record that support your claims and state a legal basis to support your conclusions.

To assist you in obtaining the record if you wish to review it, I have enclosed a *Motion for Pro Se Access to the Appellate Record* for you to file.  In order to obtain the appellate record, you must sign and date the motion and mail it to the Third Court of Appeals within ten days of the date of this letter at the following address:

> **Clerk of the Court**
> **Third Court of Appeals**
> **P.O. Box 12547**
> **Austin TX 78711**

The Court of Appeals will then direct the clerk of the trial court to provide you with a copy of the appellate record.  Your response will be due to be filed in the Third Court of Appeals within 30 days of the date the clerk provides the record to you.

Whether or not you file a response, the law requires the Court of Appeals to review the record to determine if the Court agrees with my assessment that no meritorious grounds for appeal exist, i.e., that no reversible error exists.  If the Court does not agree, but instead believes there are non-frivolous issues to be raised on your behalf, the Court must abate the appeal to have another attorney appointed to review the record on your behalf.

Any *pro-se* brief, motion or other document filed with the Court of Appeals must also be sent to the prosecutors. There address is as follows: **Burnet County District Attorney, 1701 E. Polk Ste 24, Burnet, TX  78611**.

_____

I also urge you to read the Texas Rules of Appellate Procedure to guide you in any appellate action. There are many specific requirements for motions, briefs and raising of issues. There are also deadlines for filing of briefs and motions. It is essential that you follow these rules in order to have any chance of success.

Should the Court of Appeals ultimately determine that there are no meritorious grounds to be raised and that your appeal is frivolous, the Court will affirm your conviction and sentence. You may then seek review of the Court of Appeals by a *pro se* petition to Texas Court of Criminal Appeals. Such petition must be filed within 30 days of the date the Court of Appeals renders its judgment.

This is called a Petition for Discretionary Review, also known as a "PDR". The PDR is filed with the Court of Criminal Appeals. This Court is the highest court for criminal matters in Texas. It does not have to accept all appeals but decides in its own "discretion" which cases to hear.

The procedure for discretionary review is to suggest particular issues for the Court to review and explain why each issue is important. If you seek review and it is granted, the trial judge is supposed to appoint a lawyer to prepare and file a brief. The trial judge can be contacted through the district clerk.

Any PDR must be filed with the Court of Criminal Appeals within 30 days of the Court of Appeals judgment. The Court of Criminal Appeals' address is as follows: **Court of Criminal Appeals, P.O. Box 12308, Austin TX 78711.** Like any documents sent to the Court of Appeals, you must send copies of anything you file to the D.A. Also, in any matter before the Court of Criminal Appeals, you should also send copies to the "State Prosecuting Attorney". The State Prosecuting Attorney's Address is as follows: **State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711-3046.**

I understand you may have complaints about your trial that are not addressed by this initial appeal. Please understand that my conclusion that there are no meritorious issues is based solely on the record as it currently exists. Claims not supported by the initial appellate record are not forever barred, they are simply not ready for decision at this time. A proper record can be created by obtaining a hearing on an application for writ of habeas corpus. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (appellate rules do not permit abatement for a hearing on new evidence when the claim can be raised by habeas corpus).

For instance, a failure by trial counsel to object to certain procedures or bring forth favorable evidence can be ineffective assistance of counsel. Appellate courts, however, will rarely consider

_____

ineffective assistance claims on initial appeal. This is because there is no record showing why the defense lawyer acted in the way he or she did. *See Aldrich v. State*, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003)(because the record from direct appeal is typically lacking, "the proper procedure for raising such claims is almost always habeas corpus."). Trial lawyers are also presumed to have acted competently. Decisions not to challenge certain evidence or procedures are often based on legitimate trial strategy. The initial appellate record is typically insufficient to properly evaluate whether a trial lawyer's actions were appropriate trial tactics.

Claims such as ineffective assistance of counsel, new evidence, assertions of perjury, and others, require a hearing to record the evidence supporting the claim. Again, this is because appellate courts must have a record to conduct any review. At a new hearing in the trial court, the defendant can present the evidence supporting any complaints not shown by the initial trial record.. The court reporter will make a transcription of the testimony and receive in evidence any supporting documents. This transcription provides the record for an appellate court to review.

Habeas corpus is a separate proceeding that cannot be started until after the initial appeal is concluded. Habeas corpus is governed by Art. 11.07 of the Texas Code of Criminal Procedure. You must make the application on a form prescribed for this purpose. That form can be obtained by writing the district clerk. Any application must be filed with the district clerk. Be aware that you should raise all claims in the first writ application because the right to file later writs is severely limited.

Finally, I would like to state my profound regret that I could not find any arguable basis for a new trial in your case. I take my role as an appellate advocate for my clients very seriously. I assure you I did my best to locate some reason to argue for reversal. I have detailed the results of my research in the enclosed *Anders* brief. I wish you all the best for an early release. I also sincerely wish you luck in any further challenges to your conviction.

Very truly yours,

Ken Mahaffey

Ken Mahaffey

attachments:   Anders Brief
                     Motion to Withdraw
                     *Pro Se* Motion for Access to Appellate Record

No. 03-15-00298-CR & 03-15-00299-CR

| JAMES BRADLEY WARDEN | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| V. | ) | FOR THE THIRD SUPREME |
| STATE OF TEXAS | ) | JUDICIAL DISTRICT OF TEXAS |

## *PRO SE* MOTION FOR ACCESS TO APPELLATE RECORD

**To the Honorable Justices of Said Court:**

On 24 September 2015, appellant's appointed counsel filed a brief in the above styled and numbered cause pursuant to *Anders v. California*, 386 U.S. 738 (1967).

James Bradley Warden, appellant, moves this court to provide appellant *pro se* access to a copy of the appellate record including the clerk's record and the court reporter's record.

Appellant requests an extension of time of 30 days from the date appellant receives the appellate record to file a *pro se* response to counsel's *Anders* brief.

Respectfully submitted,

_____
James Bradley Warden
*Pro se* Appellant

## CERTIFICATE OF SERVICE

The above signature certifies that on _____, a true and correct copy of the above and foregoing document was served by mail on the Burnet County District Attorney's Office at the following address: 1701 E. Polk Ste 24, Burnet, TX 78611.